09-CV-00343-CMP

FILED ___ ENTERED
LODGED ___ RECEIVED

MAR 1 7 2009   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JPMORGAN CHASE BANK N.A., a national
banking association,

    Plaintiff,

    v.

LEANN R. BACH, an individual; JULIA M.
BAILEY, an individual; RON V. BLACK, an
individual; STELLA J. BLACK, an individual;
GREGORY A. DOYLE, an individual; LISA
JONES, an individual; ANDREA L. KULPA, an
individual; LAURIE A. LOTH, an individual;
DEBORAH L. STILL, an individual;  DEREK
C. WETZEL, an individual; MICHAEL
MARTHALLER, an individual; BRIAN R.
YOTZ, an individual; CYMAN HUANG, an
individual; BORIS IVANOV, an individual;
ALLISON ZORICH, an individual; and ERICA
MAJOR, an individual,

    Defendants.

No. **C09-0343** JLR

COMPLAINT FOR INJUNCTIVE
AND OTHER RELIEF

Plaintiff JPMorgan Chase Bank, N.A. ("Chase") as its complaint against Defendants

Leann R. Bach, Julia M. Bailey, Ron V. Black, Stella J. Black, Gregory A. Doyle, Lisa Jones,

Andrea L. Kulpa, Laurie A. Loth, Deborah L. Still, Derek C. Wetzel, Michael Marthaller, Brian

R. Yotz, Cyman Huang, Boris Ivanov, Allison Zorich, Erica Major (collectively, "Defendants")

alleges as follows:

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 1
DWT 12553473v3 0036234-000011

**ORIGINAL**

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I.     PARTIES

1.     Plaintiff JPMorgan Chase Bank N.A. is a national association, organized and existing under the laws of the State of Ohio, conducting business in King County, Washington.

2.     Defendants are all former Chase employees and were at all times relevant to this complaint individuals residing in King County, Washington.  On information and belief, each Defendant currently resides in King County, Washington.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over Defendants and the subject matter of this action because Defendants are residents of this state and have committed tortious and other acts in this state and district, out of which this action arises.

4.     This Court is a proper venue in that a substantial part of the events giving rise to this claim occurred in the Western District of Washington, specifically Bellevue, Washington, and because Defendants reside in the Western District of Washington.  Venue in this judicial district is also proper under 28 U.S.C. §§ 1391(a) and (b).

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the acts of Defendants constitute violations of federal law, including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Chase is an association domiciled in Ohio and Defendants are Washington citizens.  The amount in controversy is in excess of $300,000.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## III.     FACTS

6.     JPMorgan Chase is a leading global financial services firm in investment banking, financial services for consumers, small business and commercial banking, financial transaction processing, asset management, and private equity.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 2
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

7.      Defendants are former employees of Chase's Home Finance or Mortgage group. Erica Major worked in Chase's Seattle office. The remaining Defendants constituted the bulk of Chase Home Finance's Office in Bellevue, Washington. The office was managed on-site by Defendant Marthaller, Area Manager, and Defendant Yotz, Sales Manager. Marthaller and Yotz reported directly to the Northwest Regional Manager for Chase Home Finance, Gary Duffy, based in Oregon.

8.      At the time of his departure, Marthaller was employed as the Area Manager. He had worked for Chase for over ten years. As Area Manager, Marthaller was responsible for management of the employees and the day-to-day operations of the Bellevue home loan office. His duties included developing and monitoring the office's business plan, analyzing daily dashboard results, profit and loss, scorecard and MIS reports, and monitoring and maximizing fee collections.

9.      At the time of his departure, Yotz was employed as the Sales Manager. He had worked for Chase for over ten years. As Sales Manager, he managed the office's sales team and was responsible for selling home loan mortgages to customers.

10.     Defendants Ron V. Black, Stella J. Black, Gregory A. Doyle, Lisa Jones, Laurie A. Loth, Deborah L. Still, Derek C. Wetzel, Cyman Huang, Boris Ivanov, Allison Zorich, and Erica Major were all employed as Loan Officers at the time of their departure. In this position, they were responsible for soliciting, processing and closing home loan mortgages and developing relationships with customers on behalf of JPMorgan.

11.     Defendants Leann R. Bach, Julie M. Bailey and Andrea L. Kulpa were employed as Loan Officer Assistants. In this position, they provided administrative and customer service support to the Loan Officers and served as a contact point for customers to resolve issues and concerns.

12.     Zorich resigned from Chase on January 27, 2009. Marthaller's resignation was effective on February 27, 2009. With the exception of Ivanov and Huang, all other Defendants

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 3
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  resigned nearly simultaneously on March 2, 2009. Huang and Ivanov quit the following day.

2  All Defendants are now working for Golf Savings Bank ("Golf"), a Chase competitor.

3       13.   At the time of their hire, Zorich and Loth signed offer letters that required the

4  return of their signing bonuses if they left Chase within 12 months of their start date. Despite

5  ending their employment with Chase within 12 months, neither has returned their signing

6  bonuses.

7       14.   During the course of employment, each Defendant was given access to Chase's

8  strategic and product development information and other sensitive confidential and proprietary

9  information, and was entrusted with confidential financial and other information of Chase's

10  customers. Each was entrusted with and given access to this information because of his or her

11  position at Chase and for the purpose of furthering Chase's business interests. This information

12  included, among other things: customer Social Security numbers; customer identities and their

13  specific needs; customers' personal and confidential financial information; credit reports;

14  information about pricing and rates; detailed account-specific and company financial reports; tax

15  information; appraisals; customer asset and income documentation; copy packages; customer

16  contact information; customer birth dates; Chase account balances; sales strategies; business

17  plans; marketing plans; Chase databases, software, e-mails, and computer systems; Chase

18  compensation plans and incentives; and other confidential and proprietary information and trade

19  secrets.

20       15.   Since 2007, Chase's standard compensation plan agreement with managers and

21  loan officers has contained a non-solicitation provision. True and correct copies of the 2007

22  Chase compensation plans for managers and loan officers are attached hereto as Exhibit D. The

23  exhibit copies have been redacted to exclude confidential compensation information. In 2008

24  and 2009, Chase slightly modified its compensation plans, but the non-solicitation provision

25  remained. Loan assistants also became subject to non-solicitation restrictions in their

26  compensation plans beginning January 1, 2009. In 2007, when the non-solicitation provisions

27

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 4
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  were added to Chase's compensation plans for managers and loan officers, those employees were

2  also either given salary increases (managers) or new guaranteed minimum monthly

3  compensation amount (loan officers).  Before the modification, loan officers were paid entirely

4  on commission and draws.  The addition of the minimum compensation payment essentially

5  served as a guaranteed base pay.  Defendants were subject to the non-solicitation provisions in

6  *those agreements, which placed restrictions on Defendants during their employment with Chase*

7  and for one year following termination of their employment.  The agreements also entitle the

8  prevailing party to its attorneys' fees and costs incurred in enforcing obligations under the

9  compensation plan.  Under paragraph H of each compensation plan, each employee agreed that

10  he or she would:

11  
12  
13  
14  
15  

> not directly or indirectly, whether on his or her own behalf or on behalf of any other party: (i) solicit or encourage any of [Chase's] then current employees to leave [Chase] or to apply for employment elsewhere . . . or (iii) solicit or induce or attempt to induce to leave [Chase], or divert or attempt to divert from doing business with [Chase], or otherwise interfere with the relationship between [Chase] and such customers, suppliers or other persons or entities.

16  
17  16.  Chase employees, including all Defendants, are required to agree to non-

18  disclosure agreements.  The non-disclosure agreements explain the confidential nature of the

19  information Chase employees would receive or to which they would have access, and require the

20  employees to maintain the confidentiality of the information.

21  17.  Chase's Code of Conduct emphasizes the importance of confidentiality.  The

22  Code of Conduct makes clear that an employee "may not, either during your period of service or

23  thereafter, directly or indirectly use or disclose to anyone any such confidential information,

24  except as permitted by the Code and other policies applicable to you."  Employees were required

25  to affirm that they read, understood, and are in compliance with the Code of Conduct.

26  18.  Chase's Code of Conduct provides examples of types of confidential information

27  in its definition section.  The examples include, among other things:

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 5
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

- Trade secrets;

- Customer or supplier lists, telephone or other contact lists, and other information about customers;

- Cost, pricing, or financial information;

- Business or marketing plans and research;

- Customer information such as birth dates, social security numbers, or financial information disclosed in applications for Chase loans or products;

- The fact that a person is a customer;

- Information about transactions with the firm, such as account balances, mortgage loans, or other lending, capital markets, or trading transactions; and

- Any assessment by Chase of a customer's creditworthiness.

19.     Information regarding Chase's business (including its plans, strategies, finances, costs, and like information) and detailed information regarding Chase's customers, (including without limitation the identity of customers and their financial information, product and other preferences, concerns, payment history, and like information) constitute Chase's confidential, proprietary, and trade secret information.

20.     Chase's trade secrets, proprietary and confidential information are not generally known, and Chase makes reasonable attempts to protect the secrecy of its trade secrets and other confidential and proprietary information.  Employees are required to sign a nondisclosure agreement informing them of the confidential nature of the information they would receive and requiring them to maintain its confidentiality.  The information stored on Chase servers are password protected and only accessible by authorized personnel.  Chase also requires employees to complete a Privacy Awareness web-based course that emphasizes the importance of data privacy and confidentiality.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1     21.    Twelve Defendants resigned nearly simultaneously on March 2, 2009, and now

2 work for Golf. Upon resignation, they emptied the Chase Bellevue office, taking with them

3 nearly all computer monitors, keyboards and telephone headsets, as well as documents, papers,

4 and files containing highly confidential customer information. On information and belief,

5 Defendants also moved a computer server from Chase to Golf without Chase's authorization.

6     22.    On March 5, 2009, after learning that Defendants had resigned from Chase and

7 had begun working for a competitor, Chase sent letters to each of the Defendants reminding

8 Defendants of their continuing obligations to Chase as set forth in their respective compensation

9 agreements and the Chase Code of Conduct. In the letters, Chase asked each Defendant to

10 confirm in writing that he or she had not and would not engage in prohibited activities, including

11 among other things: soliciting Chase customers with whom he or she worked while employed by

12 Chase; soliciting Chase employees; or retaining or using Chase proprietary, confidential and

13 trade secret information. Chase also reminded Defendants of the requirement to return and/or

14 confirm that they have returned any and all information about Chase, its employees or its

15 customers, including its customers' financial or business information. None of the Defendants

16 responded to Chase's letter.

17     23.    Since Defendants' departure, Chase has been receiving reports from customers

18 that Defendants are using Chase's confidential information to solicit them to move their home

19 loans from Chase to Golf. Customers have reported that in the solicitations for Golf, Defendants

20 made false statements to them regarding Chase's ability to honor interest rates or timely process

21 their loans. Some Defendants have admitted to Chase that they are actively seeking to transfer

22 Chase loan files to Golf. On March 10, 2009, Defendant Ivanov sent an e-mail to Chase's Cindy

23 Johnson, asking for the FHA case number for a Chase customer to be reassigned to him at Golf.

24 Similarly, Defendant Wetzel called Ms. Johnson on March 10 and told her that he was reaching

25 out to all of his Chase customers to discuss the possibility of moving to Golf with him. He said

26 he planned on providing Ms. Johnson with a list of the borrowers who are leaving with him.

27

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 7
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

24.     Defendants' efforts to divert work from Chase to Golf began well before they resigned from Chase. In their last months at Chase, the office had a dramatic decrease in the number of loan applications it processed. In December of 2008, the Bellevue office accepted 306 loan applications. In January of 2009, the office accepted 140 loan applications. In February of 2009, the office accepted only 28 loan applications. The February number is remarkably low for the Bellevue office, which had been one of Chase's most successful offices. On March 3, 2009 – one day after most of the Defendants resigned from Chase – Defendant Marthaller told Chase Senior Vice President Tom Borelli that Defendants were working at Golf and that "they already had a hundred (100) loan applications in the pipeline." In anticipation of their move to Golf, Defendants delayed accepting loans and diverted work from Chase to Golf.

25.     Loans in Chase's pipeline were diverted to Golf. One of Chase's customers completed paperwork for a Chase refinance with Defendant Wetzel in early January but was surprised she did not hear anything from him until March when he called to see whether she was interested in refinancing with Golf instead of Chase. Other customers report closing loans within a week of Defendants' move to Golf. It is highly unusual to be able to accept a loan application and close it in the same week. It appears the loan application had been moved from Chase to Golf without proper authorization.

26.     Chase recently learned that Defendant Ivanov's efforts at diverting customers from Chase to Golf include continuing efforts to mislead customers on the Internet. Google and Yahoo! searches for "Chase Home Mortgage Bellevue" produce numerous links identified as "Chase," but which are in fact links to www.borisgivanov.com, which is Defendant Ivanov's Golf website biography. Seattle City Search also lists Ivanov's cell phone number as the contact for Chase Home Finance. Ivanov's Golf biography also appears when a customer clicks on an image of Chase's website on Superpages.com.

27.     Evidence obtained from locked shred bins in the vacated Bellevue office also reveals Defendants' efforts to steal customer information and business from Chase. Although

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 8
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  Defendant Loth did not resign from Chase until March 2, the shred bin contained letters dated
2  February 27 and March 1 from her on Golf letterhead to real estate agents regarding loan
3  applications.  Defendant Deborah Still resigned from Chase on March 2, but used Chase's postal
4  meter on February 25 to pay for postage on mailers sent to customers identifying herself as a
5  Golf employee.  Some of her mailings directed customers to call her or other Golf employees for
6  assistance. Defendant Yotz also used Chase's postal meter on February 27 – three days before
7  resigning from Chase – to pay for postage on mailers to customers identifying him as Golf's
8  Branch Manager.  Defendants also purported to release Chase's interest in loan applications and
9  purported to transfer loans to Golf.  For example, the shred bins contained multiple letters with
10 February dates, apparently prepared by Defendant Ron Black for Chase customers to sign.  The
11 letters, which were prepared on Golf letterhead, authorized the transfer of Chase loans to Golf.
12 The letters were addressed to Ron Black at Golf – even though Black still worked for Chase.

13         28.     Defendant Yotz also attempted to help shift Chase loans to Golf.  In his final days
14 at Chase, Yotz signed letters on Chase letterhead and addressed them to Golf.  The letters
15 purported to release Chase's interest in certain appraisals, presumably so Golf could take the
16 loans.  One such letter is dated as early as February 24 – six days before he resigned from Chase
17 – while another is dated *Sunday*, March 1 – the day before he resigned from Chase.  During the
18 same time period, Yotz appears to have made handwritten notes to himself regarding the move to
19 Golf wondering: "Any liability?"

20         29.     During the week of February 23, 2009, Chase Auto Finance employee Diana Bell
21 noticed unusual activity on the Home Loan side of the office.  She noticed that a number of the
22 loan officers were working late, which was out of the ordinary.  She also noticed that some were
23 stacking up boxes outside their offices, which was also unusual.

24         30.     Auto Finance employee Bill Cotter similarly noticed that week that employees of
25 the Home Loan group were packing up materials and files into boxes and moving equipment
26
27

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 9
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   around the office. They piled up boxes next to their desks, in the hallway, and around their
2   office.

3         31.    During the evening of Friday, February 27, Cotter and Brock encountered movers
4   in the office. One of the movers said he had been hired by Defendant Ron Black. Before she left
5   the office that evening, Brock noticed that there was a pile of computer equipment (monitors,
6   keyboards, and the like) stacked up in the northeast corner of the Home Loan group's side of the
7   office.

8         32.    Cotter worked late that Friday and saw a stranger taking an inventory of supplies.
9   That same night, loud noises came from the computer server room that was ordinarily locked.
10   Someone was moving things around or banging on something in the room. The noises went on
11   for a half hour to an hour. On Saturday, Home Loan employees loaded files into boxes. Those
12   boxes were gone on Monday, March 2.

13         33.    On Tuesday, March 3, the Home Loan space was abandoned and missing files
14   and equipment. The offices and cubicles were mostly empty without papers or equipment. Most
15   of the computers, headsets, keyboards, and files that used to be on the desks were gone. The
16   office space was totally abandoned and almost all of the equipment and paper files were gone.
17   Although Defendant Yotz had resigned two days earlier, he used use his key to enter the office
18   on Wednesday, March 4 with an unknown woman.

19         34.    On information and belief, Defendants used Chase computers to access, copy, and
20   misappropriate the company's proprietary and trade secret information, without authorization,
21   prior to resigning. Such information was accessed, copied and misappropriated for their own
22   benefit and for the benefit of Golf and for the purposes of competing with Chase. Among other
23   things, Defendants – using the company's computers – took unauthorized copies of compilations
24   of data about Chase's customers and potential customers, and took a computer server.

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

35.     On information and belief, prior to resigning, Defendants communicated, planned, and worked with each other to divert Chase customers to Golf. Without authorization, Defendants used Chase resources, including computers, in furtherance of their scheme.

36.     In the course of their new employment with Golf, Defendants have called on, solicited business from, and accepted business from the customers and accounts they managed and called on for Chase. In doing so, they are using confidential and proprietary information about the nature and character of Chase's business, confidential and proprietary information about customers, and their acquaintance with those customers (all of which was obtained and/or developed while working for Chase). They are attempting to divert and have actually diverted customer relationships and goodwill to their new employer, Golf.

37.     The information Defendants have taken is not information that is generally known or readily ascertainable by public means. It is confidential information compiled by or created by Chase and by Chase customers that provides independent economic value to Chase by allowing Chase to process loans and earn fees for its work. If competitors are provided with the information, it would allow them to steal Chase business and earn profits that the competitors would not otherwise earn.

## IV.     CLAIMS

### A.     Breach of Contract (Against All Defendants)

1.      Chase realleges and incorporates the allegations above.

2.      Defendants' disclosure and use of trade secret and/or confidential and proprietary information obtained during their employment with Chase for their own and Golf's benefit is a violation of the Compensation Plan and Code of Conduct.

3.      As a result of this breach, Defendants have been unjustly enriched and Chase has suffered damage. Chase is suffering and will suffer irreparable harm if Defendants are not enjoined from further breaches of their agreements.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 11
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**B.** **Breach of the Covenant of Good Faith and Fair Dealing (Against All Defendants)**

1.  Chase realleges and incorporates the allegations above.

2.  *Defendants had a duty to act in good faith and to deal fairly with Chase so it could obtain the benefits of the full performance of their obligations under their agreements.*

3.  Defendants' continued use and disclosure of confidential, proprietary, and trade secret information for their own and for Golf's benefit, violate the duty of good faith and fair dealing implicit in their agreements.

4.  As a result of these breaches, Defendants have been unjustly enriched and Chase has suffered damage.  Chase is suffering and will suffer irreparable harm if Defendants are not enjoined from disclosing and using Chase's confidential and proprietary information for their own gain.

**C.** **Breach of Common Law Duties of Confidentiality and Loyalty (Against All Defendants)**

1.  Chase realleges and incorporates the allegations above.

2.  As employees of Chase, with access to Chase's trade secrets and other confidential and proprietary information, Defendants had a confidential relationship and fiduciary relationship with Chase and a duty to maintain the secrecy of, and to protect from use or disclosure, its confidential information.

3.  Defendants owed Chase a duty of loyalty during the period of their employment.

4.  Defendants breached their duties of loyalty and breached and continue to breach their duty of confidentiality by taking, using and disclosing the trade secrets and other confidential and proprietary information belonging to Chase and by using such information on behalf of Golf.

5.  As a result of these breaches, Defendants have been unjustly enriched and Chase has suffered damage.  Chase is suffering and will suffer irreparable harm if Defendants are

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    not enjoined from disclosing and using Chase's confidential and proprietary information for their

2    own gain.

3    **D.      Conversion (Against All Defendants)**

4              1.      Chase realleges and incorporates the allegations above.

5              2.      Defendants willfully interfered with and deprived Chase of its property

6    when they took Chase's equipment, such as files, documents, computer monitors, keyboards, and

7    telephone headsets, without legal justification, permission, or authorization.

8              3.      Defendants willfully interfered with and deprived Chase of its trade

9    secrets and other confidential and proprietary information when they took documents belonging

10   to Chase containing such information without legal justification, permission, or authorization.

11             4.      As a result of Defendants' conversion of Chase's property, confidential

12   information and trade secrets, Chase has been and will continue to be injured irreparably and

13   otherwise, while Defendants will be unjustly enriched.

14   **E.      Misappropriation of Trade Secrets (Against All Defendants)**

15             1.      Chase realleges and incorporates the allegations above.

16             2.      Defendants have willfully and maliciously misappropriated Chase trade

17   secrets in violation of applicable law, including Uniform Trade Secrets Act.

18             3.      The confidential and proprietary information entrusted to Defendants by

19   Chase constitutes trade secrets because Chase derives economic value from the information not

20   being generally known to and not being readily ascertainable by proper means by other persons

21   who can obtain economic value from its disclosure or use, and because the information was the

22   subject of reasonable efforts to maintain its secrecy.

23             4.      Defendants have willfully and maliciously misappropriated, and continue

24   to misappropriate, Chase's trade secrets in violation of applicable law, including the Uniform

25   Trade Secrets Act.

26

27

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 13
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1        5.    As a result of his misappropriation and unauthorized use, Defendants have

2   been unjustly enriched and Chase has suffered damage.  Chase is suffering and will suffer

3   irreparable harm if Defendants are not enjoined from further violations and misappropriations.

4       **F.**    **Violation of the Computer Fraud and Abuse Act (Against All Defendants)**

5       1.    Chase realleges and incorporates the allegations above.

6       2.    Defendants knowingly and with intent to defraud, accessed a protected

7   computer without authorization and/or exceeded their authority.  Defendants, through their

8   conduct, furthered their intended fraud and obtained information of great value, over and beyond

9   the value of the use of the computers, resulting in damage exceeding \$5,000 in a one-year period,

10  in violation of 18 U.S.C. §1030(a)(4).

11      3.    Defendants intentionally accessed a protected computer without

12  authorization, and on information and belief, such conduct has caused damage to the computers,

13  in violation of 18 U.S.C. §1030(a)(5).  As a direct and proximate result of this wrongful conduct,

14  plaintiff has suffered damages in an amount aggregating at least \$5,000 in value, which shall be

15  proved at the time of trial.

16      4.    Defendants obtained information contained in the financial records of a

17  financial institution by intentionally accessing a computer without authorization and/or by

18  exceeding their authority, in violation of 18 U.S.C. §1030(a)(2)(A).

19      5.    Defendants obtained information by intentionally accessing a protected

20  computer without authorization and/or by exceeding their authority.  On information and belief,

21  such conduct involved an interstate or foreign communication, in violation of 18 U.S.C.

22  §1030(a)(2)(C).

23      6.    As a result of Defendants' violations of the Computer Fraud and Abuse

24  Act, Defendants have been unjustly enriched and Chase has suffered damage.  Chase is suffering

25  and will suffer irreparable harm if Defendants are not enjoined from further violations and

26  misappropriations.

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**G.     Tortious Interference (Against All Defendants)**

1.     Chase realleges and incorporates the allegations above.

2.     Using improper means and/or for an improper purpose, Defendants have interfered with Chase's contractual relationships and business expectancies with its customers by, among other things, inducing some customers to stop doing business with Chase, and diverting Chase customers' business to Golf.

3.     As a result of Defendants' conduct, Defendants have been unjustly enriched and Chase has suffered damage. Chase is suffering and will continue to suffer irreparable harm if Defendants are not enjoined from further violations.

**H.     Common-law Unfair Competition (Against All Defendants)**

1.     Chase realleges and incorporates the allegations above.

2.     Golf engaged the services of Defendants and Defendants agreed to provide services to Golf with the intent that Defendants would use Chase's trade secrets and other confidential and proprietary information; misappropriate business expectancies; and breach nonsolicitation and other contractual agreements in an effort to improve Defendants' and Golf's competitive position with respect to Chase.

3.     Defendants' solicitation of and acceptance of business from Chase customers and Defendants' disclosure and use of information belonging to Chase is in violation of Defendants' respective contractual, common law, and statutory duties owed to Chase.

4.     As a result of Defendants' unfair competition, Chase has lost and will continue to lose the value of the confidential information that Defendants now possess, the value of Defendants' contractual obligations, and the value of the goodwill and the economic relationships that Chase would have enjoyed but for Defendants' breach of their respective duties.

**I.     Civil Conspiracy (Against All Defendants)**

1.     Chase realleges and incorporates the allegations above.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 15
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2.      Defendants entered into an agreement to deprive and did deprive Chase of the benefits of its contractual rights and of its trade secrets and other confidential and proprietary information, with the intent to injure Chase and its business.

3.      As a result of Defendants' misconduct, Defendants have been unjustly enriched and Chase has suffered damage.  Chase is suffering and will continue to suffer irreparable harm if Defendants are not enjoined from further violations.

**J.      Breach of Contract (Against Zorich and Loth)**

1.      Chase realleges and incorporates the allegations above.

2.      Defendants Zorich and Loth breached their agreements by failing to return their signing bonuses following their resignation.

3.      As a result of their breach, Chase is entitled to compensatory damages in an amount to be determined at trial.

**K.      Violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(c)) (Against All Defendants)**

1.      Chase realleges and incorporates the allegations above.

2.      Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).

3.      Chase is a "person" within the meaning of 18 U.S.C. § 1961(3).

4.      At all times relevant hereto, there existed an enterprise, as defined by 18 U.S.C. § 1961(4), that is, a group of individuals associated in fact, who were engaged in, and the activities of which affected, interstate commerce.  The enterprise consists of Leann R. Bach, Julie M. Bailey, Ron V. Black, Stella J. Black, Gregory A. Doyle, Lisa Jones, Andrea L. Kulpa, Laurie A. Loth, Deborah L. Still,  Derek C. Wetzel, Michael Marthaller, Brian R. Yotz, Cyman Huang, Boris Ivanov, Allison Zorich, and Erica Major (collectively "RICO Defendants"), and each Defendant participated in the operation and management of the enterprise.

5.      The purpose of the enterprise was, and is, to defraud Chase by, among other things:

- soliciting or encouraging Chase employees to leave Chase;

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 16
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

- misusing Chase trade secrets and proprietary and confidential information;

- using Chase's computers to access, copy, and misappropriate the company's proprietary and trade secret information, without authorization;

- stealing and retaining Chase's computer monitors, keyboards and telephone headsets, as well as documents, papers, and files containing highly confidential customer information;

- using Chase's postal meter to pay for postage on mailers soliciting Chase customers without authorization;

- moving Chase's computer server to Golf without Chase's authorization;

- using Chase's proprietary and confidential information to solicit Chase customer's to move their home loans from Chase to Golf without authorization;

- making false statements to Chase customers regarding Chase's ability to honor interest rates or timely process their loans;

- transferring Chase loan files to Golf without authorization;

- diverting customers from Chase though misleading Internet advertising;

- attempting to divert and actually diverting Chase customers' relationships and goodwill with Chase to Golf;

- accepting business from the customers and accounts Defendants managed and called on for Chase.

6.     Each of the RICO Defendants was associated with the enterprise and conducted or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

7.     At all relevant times, for the purpose of executing the fraudulent scheme alleged herein, the RICO Defendants repeatedly used United States mails and interstate wire

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 17
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  facilities to further their scheme in violation of 18 U.S.C. § 1341 (mail fraud) and § 1341 (wire

2  fraud).

3          8.     The foregoing acts of mail fraud and wire fraud constitute a pattern of

4  racketeering activity through which each of the RICO Defendants individually conducted or

5  participated in the enterprise within the meaning of 18 U.S.C. § 1961(5).

6          9.     The foregoing acts of mail fraud and wire fraud comprising the pattern of

7  racketeering activity alleged herein commenced on a date or dates unknown to Chase but no later

8  than February of 2009.

9         10.     Chase has been injured in its business or properties as a direct and

10  proximate result of the RICO Defendants' violation of 18 U.S.C. § 1962(c) and is entitled to

11  recover treble damages, costs of suit, and reasonable attorneys' fees pursuant to 18 U.S.C.

12  § 1964(c).

13      **L.**     **Violation of the 18 U.S.C. § 1962(d)(Against All Defendants)**

14          1.     Chase realleges and incorporates the allegations above.

15          2.     The RICO Defendants conspired with each other to conduct and

16  participate in the affairs of the enterprise through a pattern of racketeering activity, in violation

17  of 18 U.S.C. § 1962(d).

18          3.     At all relevant times, the RICO Defendants knowingly agreed and

19  conspired with each other to commit at least two of the predicate acts set forth herein, with

20  knowledge that such acts were in furtherance of their conduct of the enterprise and their

21  fraudulent scheme to engage in mail fraud and wire fraud.

22          4.     This conspiracy commenced at a date unknown to Chase but no later than

23  February of 2009.

24          5.     The RICO Defendants specifically agreed to join the conspiracy and to

25  engage in the acts set forth above.

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    6.    Chase has been injured in its business or properties as a direct and

2  proximate result of the RICO Defendants' conspiracy to violate 18 U.S.C. § 1962(d) and is

3  entitled to recover treble damages, costs of suit, and reasonable attorneys' fees pursuant to 18

4  U.S.C. § 1964(c).

5    **M.    Washington Consumer Protection Act (Against All Defendants)**

6    1.    Chase realleges and incorporates the allegations above.

7    2.    Defendants' misconduct constitutes an unfair and deceptive act or practice

8  and an unfair method of competition in the conduct of trade or commerce, having a public

9  interest impact, in violation of RCW 19.86.020, and has harmed Chase in its business and

10  property.  Chase is entitled to recover damages, treble damages, and attorneys' fees pursuant to

11  RCW 19.86.090.

12    **V.    PRAYER FOR RELIEF**

13    WHEREFORE, plaintiff respectfully prays for the following relief:

14  **A.**    For immediate and preliminary equitable relief in the form of an injunction

15  pending a trial on the merits and a permanent injunction against Defendants:

16    1.    restraining Defendants from further breaches of the Compensation Plan

17  and Code of Conduct and from further violations of their statutory and common law obligations;

18    2.    restraining Defendants from using, disclosing, offering to disclose, or

19  otherwise benefiting from, directly or indirectly, any Chase trade secrets and other confidential

20  and proprietary information;

21    3.    requiring Defendants to return to Chase all Chase equipment, trade secrets

22  and other confidential and proprietary information; and

23    4.    requiring Defendants to preserve all existing documents and files,

24  including electronic files that mention, refer to, or are derived from Chase, Golf, or that

25  otherwise relate to the subject matter of this lawsuit.

26

27

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF - 19
DWT 12553473v3 0036234-000011

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1      **B.**    An accounting and constructive trust over profits and all other gains obtained as a

2   result of Defendants' unlawful conduct;

3      **C.**    For judgment against Defendants for liquidated damages, as provided for by the

4   Compensation Plan;

5      **D.**    For judgment against Defendants for damages, including for unjust enrichment in

6   an amount to be proven at trial;

7      **E.**    For judgment against Defendants for all costs and attorneys' fees as authorized by

8   the Compensation Plan and applicable law;

9      **F.**    For judgment against Defendants for treble damages, costs of suit, and reasonable

10  attorneys' fees, pursuant to 18 U.S.C. § 1964(c) and RCW 19.86.090, in an amount to be proven

11  at trial; and

12     **G.**    For such other and further relief as the Court may deem just or equitable.

13     DATED this 17th day of March, 2009.

14                    Davis Wright Tremaine LLP

15                    Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

16

17                    By _____

                        Rob Maguire, WSBA #29909

18                          Sheehan Sullivan Weiss, WSBA #18152

                        Minh P. Ngo, WSBA #36987

19                          1201 Third Avenue, Suite 2200

                        Seattle, WA 98101-3045

20                          Tel:  (206) 757-8094

                        Fax:  (206) 757-7094

21                          Email:  robmaguire@dwt.com

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax (206) 757-7700